IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY M. BALL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LINCOLN, CHRIS BEUTLER, Mayor of the City of Lincoln, JAMES PESCHONG, Lincoln Chief of Police, and SMG, a Pennsylvania General Partnership,<br><br>    Defendants. | CASE NO: _____<br><br>**VERIFIED COMPLAINT AND JURY DEMAND** |

The Plaintiff, by and through his attorneys of record, states and alleges as follows:

## I. JURISDICTION

1.  That this Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343 and § 28 U.S.C. 1367.

2.  Plaintiff brings this action under the United States Constitution and 42 U.S.C. § 1983.

## II. PARTIES

3.  Plaintiff Larry M. Ball, is a citizen of Lancaster County, Nebraska.

4.  Defendant City of Lincoln (hereinafter referred to as "the City") was and is a city of the metropolitan class chartered within the state of Nebraska. The City operates and holds the Arena Site (including the Pinnacle Bank Arena, Arena Garage and other improvements located thereon), Arena Surface Lot (Festival Space) and Pinewood Bowl, collectively the "Facilities" for the benefit of the citizens of the City of Lincoln, Nebraska.

5.  Defendant Chris Beutler, individually and in his official capacity, is, and at all times material herein, the Mayor of the City of Lincoln.

6. Defendant James Peschong, individually and in his official capacity, is, and at all times material herein, the Chief of Police of the Lincoln Police Department.

7. Defendant SMG (hereinafter "SMG"), a Pennsylvania general partnership, is, and at all times material herein, a management company that was retained by the City to manage and operate the Arena Site which includes the Pinnacle Bank Arena and surrounding areas.

### III. GENERAL ALLEGATIONS

8. The Plaintiff re-alleges the allegations set forth in paragraphs 1 through 7 of this Complaint as though set forth fully herein.

9. The Pinnacle Bank Arena and surrounding property at issue in this matter is owned by the West Haymarket Joint Public Agency (hereinafter "JPA"), a political subdivision of the State of Nebraska created by the Nebraska Joint Public Agency Act, Neb. Rev. Stat. § 13-2501 et seq. A true and correct copy of the Quitclaim Deed is attached hereto as Exhibit "1" and incorporated herein by this reference. The JPA was created and established by and between the University of Nebraska and the City of Lincoln, Nebraska. A true and correct copy of the Ordinance authorizing the creation of the JPA is attached hereto as Exhibit "2" and incorporated herein by this reference. The rules of governance of the JPA provided under Paragraph 3 that the JPA shall, in part:

> (a) Construct, equip, furnish and finance public facilities in the West Haymarket area of the City including but not limited to a sports/entertainment arena (the "Arena"), Ice Rink, roads, streets, sidewalks, pedestrian overpass, public plaza space, sanitary sewer mains, water mains, electric transmission lines, drainage systems, flood control, parking garages and surface parking lots (the West Haymarket Facilities) . . . .

A true and correct copy of the Rules of Governance for the JPA is attached hereto as Exhibit "3" and incorporated herein by this reference.

10. In accordance with the West Hay Market Resolution WH00543 Facilities Agreement (hereinafter "Facilities Agreement"), the City and the West Haymarket Joint Public Agency entered into a Facilities Agreement in which it was agreed that the City would operate, maintain and manage the Arena Project. A true and correct copy of the West Hay Market Resolution WH00543 and the Amended and Restated Facilities Agreement is attached hereto as Exhibit "4" and incorporated herein by this reference.

11. In accordance with the Facilities Agreement, the City agreed to maintain, operate and manage the Arena Site (including the Pinnacle Bank Arena, Arena Garage and other improvements located thereon), Arena Surface Lot (Festival Space) and Pinewood Bowl, collectively the "Facilities" for the benefit of the citizens of the City of Lincoln, Nebraska.

12. Lincoln Ordinance 19720 states, in part, that the "Facilities are a significant asset and are an integral part of the City's efforts to provide services in the public interest for the betterment of the community" and that "the City desires to engage SMG to manage and operate the Facilities and SMG desires to accept such engagement." A true and correct copy of Ordinance 19720 and the SMG Management Agreement is attached hereto as Exhibit "5" and incorporated herein by this reference.

13. Lincoln Ordinance 19720 authorized Defendant Mayor Beutler to enter into an Agreement with Defendant SMG to provide for the management, marketing, entertainment, administration, and procurement services for the Facilities.

14. As set forth in the planning documents, true and correct copies of which are

attached hereto as Exhibits "2", "4" and "5", the Arena and surrounding sidewalks and public plaza were designated as public sidewalks and thoroughfares.

15. While the above sidewalks and public plaza surrounding the Pinnacle Bank Arena have been designated and intended to be used as public thoroughfares and have the appearance of a public sidewalk and public area, Defendant SMG has unilaterally issued a policy by which it has deemed certain of those designated areas surrounding the Pinnacle Bank Arena as private property and/or non-public areas and uses the City of Lincoln Police Department to enforce its unilateral designation. A true and correct copy of SMG's policy is attached hereto as Exhibit "6" and incorporated herein by this reference.

16. In March, 2014, Mr. Ball was arrested and ticketed by the Lincoln Police Department for trespassing and refusing to comply under the Lincoln Municipal Code. Mr. Ball was arrested, while on a public area outside of the Pinnacle Bank Arena. Mr. Ball refused to stop handing out religious pamphlets while he was standing on the sidewalk near the corner of Canopy Street and R Street in the City of Lincoln. The sidewalk where Mr. Ball spoke, handed out religious pamphlets and was arrested is integrated into the surrounding areas and looks like any other sidewalk. A true and correct copy of the citation issued to Mr. Ball is attached hereto as Exhibit "7" and incorporated herein by this reference. A true and correct of the photographs depicting Mr. Ball's physical restraint and arrest in March of 2014 carried out by the Lincoln Police are attached hereto as Exhibit "8" and incorporated herein by this reference.

17. Mr. Ball challenged the ticket and his arrest in State Court and his attorneys submitted briefs to the Court and the City Attorney. After submission of the briefs by Mr. Ball's attorneys, the charges against him for trespassing and refusing to comply were dismissed by the

City Attorney. A true and correct copies of the briefs filed by Mr. Ball's attorneys are attached hereto as Exhibit "9" and Exhibit "10" and incorporated herein by this reference. These briefs clearly put the City on notice of Mr. Ball's Constitutional rights and the public nature of the space on which he was arrested.

18. Despite the dismissal of the above charges by the City Attorney, Mr. Ball was again arrested and ticketed for trespassing on March 5, 2015 and March 7, 2015 by the Lincoln Police Department outside of the Pinnacle Bank Arena near the corner of Canopy Street and R Street. At the time Mr. Ball was arrested and ticketed, he was handing out religious pamphlets on the sidewalk that was designated as a public thoroughfare. At the time of Mr. Ball's arrest, the Lincoln Police read him the SMG policy (Exhibit 6). Again, the sidewalk on which Mr. Ball was handing out religious pamphlets is integrated into the surrounding areas and looks like any other public sidewalk. A true and correct of the photograph depicting the Lincoln Police reading the SMG policy to Mr. Ball prior to his arrest by the Lincoln Police is attached hereto as Exhibit "11" and incorporated herein by this reference. A true and correct copy of the citation issued to Mr. Ball in March of 2015 is attached hereto as Exhibit "12" and incorporated herein by this reference.

19. The Defendants absolutely knew that the sidewalks surrounding the Pinnacle Bank Arena are and have been designated as public sidewalks and thoroughfares but the Defendants have unilaterally ignored such designations and willfully and maliciously violated Mr. Ball's rights under the laws and Constitution of the United States.

20. The actions of Defendants have placed a severe and substantial burden on the protected First Amendment rights of the Plaintiff:

(a)  In taking actions intended to chill the exercise of the Plaintiff's rights to freedom of speech.

(b)  By unilaterally and illegally designating public property as private property and/or non-public areas.

## COUNT I

## FREEDOM OF SPEECH

21.  The Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.  The actions of the Defendants are infringements of Plaintiff's rights to freedom of speech as guaranteed to him under the First Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

23.  That if the Defendants are not immediately enjoined and restrained from arresting, ticketing, and/or stopping the Plaintiff from distributing religious materials or pamphlets on public property outside of the Pinnacle Bank Arena located in Lincoln, Lancaster County, Nebraska, in violation of the exercise of the Plaintiffs' First Amendment rights, Plaintiff will suffer irreparable harm.

WHEREFORE, Plaintiff prays that the Defendants be enjoined and restrained from arresting, ticketing, and/or stopping the Plaintiff from distributing religious materials or pamphlets on public property outside of the Pinnacle Bank Arena. Plaintiff further prays that Plaintiff be awarded all incidental and consequential and punitive damages, compensatory damages, attorney fees and costs, and for such other relief as the Court shall deem just and equitable in the premises.

                LARRY M. BALL, Plaintiff

BY:   s/ Thomas M. White
        Thomas M. White, #17452
        C. Thomas White # 14488
        WHITE & JORGENSEN
        209 S. 19th Street, Suite 310
        Omaha, NE 68102
        (402) 346-5700

and

Amy Miller, #21050
ACLU of Nebraska
941 O Street, #706
Lincoln, NE 68508
(402) 476-8091

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY AND LOCATION OF TRIAL

The Plaintiff hereby demands a trial by jury and designates Omaha, Nebraska as the place of trial

                s/ Thomas M. White

## VERIFICATION

STATE OF NEBRASKA     )
                     ) ss.
COUNTY OF LANCASTER   )

Larry M. Ball, being first duly sworn, deposes and states that he is the Plaintiff in the above matter, that he has read the foregoing Verified Complaint, and that the statements are correct to the best of his knowledge.

_____
LARRY M. BALL

SUBSCRIBED AND SWORN to before me this 11 day of March, 2015.

_____
Notary Public



AMY A. MILLER
MY COMMISSION EXPIRES
November 1, 2016

8