IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY BALL, | ) | Case No. 8:15CV095 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **BRIEF IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS CLAIMS** |
| CITY OF LINCOLN, NEBRASKA, a | ) | **AGAINST** |
| political subdivision of the State of | ) | **DEFENDANTS CHRIS BEUTLER** |
| Nebraska; CHRIS BEUTLER, Mayor of the | ) | **AND JAMES PESCHONG** |
| City of Lincoln; JAMES PESCHONG, | ) | |
| Lincoln Chief of Police; SMG, a | ) | |
| Pennsylvania General Partnership; | ) | |
| | ) | |
| Defendants. | ) | |

## I.  NATURE OF THE CASE.

This is an action in which Plaintiff Larry Ball ("Plaintiff") claims that Defendants violated his civil rights when LPD cited him on more than one occasion for violating SMG's use policy (Doc. #1-7) in distributing religious literature in designated non-public forum areas at the Pinnacle Bank Arena ("Arena"). Plaintiff names Defendants Chris Beutler and James Peschong ("Defendants") in both their official and individual capacities. Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants move the Court for an order to dismiss the Complaint against each of them (Doc. #1, at CM/ECF p. 1-2, ¶¶ 5-6) with prejudice due to Plaintiff's failure to state a claim upon which relief may be granted and based on qualified immunity. Defendants submit the following brief in support of their motion to dismiss.

## II.  STANDARD OF REVIEW.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face." *QA3 Fin. Corp v. Fin. Network Inv. Corp.*, 2013 WL 1148765, 6 (D. Neb. March 19, 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 127 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.*

A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (internal citation omitted). In practice, "a complaint...must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Plaintiff's Complaint ([Doc. #1](Doc. #1)) should be dismissed for failure to state a cause of action upon which relief can be granted.

### III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AND BASED ON QUALIFIED IMMUNITY.

Plaintiff's claims against the individual Defendants should be dismissed due to failure to state a claim and qualified immunity. Qualified immunity is immunity from suit rather than a mere defense to liability, and therefore, immunity issues should be resolved at the earliest possible stage of the litigation. *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2019, 188 L.ED. 2d 1056

(2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L.Ed. 565 (2009)). To determine if qualified immunity exists, one must apply a two-step inquiry: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the defendant's alleged misconduct." *Santiago v. Blair*, 707 F.3d 984, 989 (8th Cir. 2013). Whether an official may prevail in his or her qualified immunity defense depends upon the objective reasonableness of his or her conduct as measured by reference to clearly established law. *Carney v. Miller*, 287 Neb. 400, 842 N.W.2d 782 (2014). In *Pearson v. Callahan*, the Supreme Court stated:

> Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.' *Groh* v. *Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting) (*citing Butz* v. *Economou*, 438 U.S. 478, 507 (1978) (noting that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law")).

555 U.S. at 231.

The Court, in its discretion, may address either prong first. *Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011). If no reasonable fact finder could answer *both* questions affirmatively, then the defendant is entitled to qualified immunity. *Nance v. Sammis,* 586 F.3d 604, 609 (8th Cir. 2009). If either element is not satisfied there is no necessity for further inquiries concerning qualified immunity. "Public officials are entitled to qualified immunity in suits against them in their individual capacity as long as their actions do not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Bradford v. Huckabee*, 330 F.3d 1038, 1041 (8th Cir. 2003) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

Plaintiff makes no allegations in his Complaint about how either individual Defendant's actions led to a violation of his constitutional rights. (Doc. #1) Plaintiff merely names Defendants Chris Beutler and James Peschong each "individually and in his official capacity" (Doc. #1, at CM/ECF p. 1-2, ¶¶ 5-6), but then makes no allegations that either individual committed any actions or omissions under color of law that led to his alleged violation of his First Amendment rights. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Magee v. Trustees of Hamline University, Minn.,* 747 F.3d 532, 535-36 (8th Cir. 2014) (citations and quotations omitted). Similar to *Magee*, Plaintiff makes no allegations that Defendants were acting under color of law or took any relevant actions under their authority by virtue of state law related to him or his claims. Therefore, Plaintiff's claims against Defendants should be dismissed. See *Harrington v. Nebraska Liquor Control Com'n*, No. 4:14CV3171, 2015 WL 505576, 6 (D.Neb. Feb. 6, 2015) (dismissal granted for city councilmen for lack of any specific allegations against him regarding constitutional violations).

The Complaint does not allege that Defendant Chris Beutler, Mayor of the City of Lincoln ("Mayor Beutler"), had any role in the creation or adoption of SMG's policy or took any action regarding the citation of Plaintiff for violation of that policy. SMG's policy was adopted by SMG alone for management of the exterior areas around the Arena. (Doc. #1-7) Mayor Beutler's name is nowhere in the document. (*Id.*) Mayor Beutler did execute the Management Agreement with SMG for management of the Arena, but only after approval of said agreement by City Council by Ordinance No. 19720. (Doc. #1-6) Plaintiff makes no allegations in his Complaint about Mayor Beutler other than naming him as a defendant and stating he approved

the Management Agreement. (Doc. #1, at CM/ECF p. 1, 3, ¶¶ 5, 13) After execution of the Management Agreement, SMG was in control of the operation and management of the Arena. Mayor Beutler has taken no acts related to Plaintiff's allegations of violation of his constitutional rights. Consequently, the facts asserted by Plaintiff do not make out a violation of constitutional rights by Mayor Beutler. Thus, the first step of the inquiry cannot be met and Mayor Beutler is entitled to qualified immunity and dismissal of all claims against him.

Likewise, Plaintiff has failed to allege a violation of a constitutional right by Defendant James Peschong, Chief of Police of the Lincoln Police Department ("Chief Peschong"). For his claims against Chief Peschong, Plaintiff makes no allegations in his Complaint other than naming him as a defendant. (Doc. #1, at CM/ECF p. 2, ¶ 6) Plaintiff does not allege that Chief Peschong had any role in creating or adopting the policy of SMG for the Arena. Plaintiff makes allegations that he was cited and arrested for trespassing outside the Arena, but none of these relate to Chief Peschong. (Doc. #1, at CM/ECF p. 4-5, ¶¶ 15-16, 18) Plaintiff not only fails to mention Chief Peschong in the Complaint, but he also fails to state with any specificity that he had any involvement whatsoever in the alleged violations. Although Plaintiff does not need to plead detailed factual allegations, Plaintiff is still obligated to provide the grounds of his claims and not just plead legal conclusions.

Even if either Defendant had been alleged to have taken action in Plaintiff's Complaint, any actions that led to citation of Plaintiff did not violate any clearly established constitutional rights of Plaintiff. See *United Church of Christ v. Gateway Economic Development Corp. of Greater Cleveland, Inc.,* 383 F.3d 449, 453 (6th Cir. 2004) (commons area was not designated public forum). Plaintiff refused to move his leafletting to the sidewalk after being warned he was in violation of the SMG policy regarding designation of non-public forum areas. This was not an

unreasonable request or one that any official would have known violated clearly established constitutional rights of Plaintiff. Moreover, Plaintiff has completely failed to allege sufficient facts supporting Defendants' personal involvement, actions, or responsibility for the alleged violations. Thus, Defendants entitled to qualified immunity for Plaintiff's First Amendment claims against them and all claims against them should be dismissed.

## IV. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF PURSUANT TO §1983.

Plaintiff's claims against Defendants in their official capacity should also be dismissed for failure to state a claim. Defendants may only be liable under 42 U.S.C. §1983 if an official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Lee v. Andersen,* 616 F.3d 803, 807 (8th Cir. 2010) (*citing Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978)); *see also Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell*, 436 U.S. at 694). An official policy is "a deliberate choice or a guiding principle or procedure made by an official with authority." *Shrum ex re. Kelly v. Kuck*, 249 F.3d 773, 779 (8th Cir. 2001). A custom is a "persistent, widespread, pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberative indifference or tacit authorization." *Shrum*, 249 F.3d at 773. Plaintiff has the burden to prove that "action 'pursuant to official municipal policy' caused their injury." *Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011) (citing *Monell,* 436 U.S. at 691); s*ee also Slaven v. Engstrom,* 710 F.3d 772, 780 (8th Cir. 2013). Failure to allege facts showing that an employee of City was acting pursuant to an official policy or custom of City amounts to an impermissible attempt to impose liability on City on the basis of respondeat superior. *Frey v. City of Herculaneum,* 44 F.3d 667 (8th Cir. 1995). A municipality can be found liable under 42 U.S.C. §1983 only when the municipality itself caused the constitutional violation at issue. *Monell*, 436 U.S. at 694. A local government

cannot be held liable under a theory of respondeat superior or vicarious liability. *Id.*

The identification of an official policy as a basis upon which to impose liability ensures that a municipality is held liable only for constitutional deprivations resulting from the decisions of its duly constituted legislative body or those officials whose acts may fairly be said to be those of the municipality. The Eighth Circuit Court of Appeals has held:

> [T]o establish the existence of a governmental custom or failure to receive, investigate, or act on complaints of violations of constitutional rights, a plaintiff must prove:
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e. that the custom was the moving force behind the constitutional violation.

*Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County,* 901 F.2d 642, 646 (8th Cir. 1990).

Plaintiff does not allege in any discernable way that he was deprived of his constitutional rights as a result of an official policy or custom of City or that Defendants deprived him of his constitutional rights by acting pursuant to an official policy or custom of City. Conclusory statements do not sufficiently allege that an unconstitutional policy was the moving force behind his alleged damages. In addition, Plaintiff has failed to allege that this is a continuing, widespread, persistent pattern of unconstitutional misconduct by City employees or that City's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. Plaintiff provides plenty of legal conclusions reiterating requirements of a claim under 42 U.S.C. §1983, but he fails to plead facts that would allow the Court to draw a reasonable inference that the individual Defendants are liable. Thus, Plaintiff's Complaint against Defendants should be dismissed for failure to state a cause of action under 42 U.S.C. §1983.

WHEREFORE, Defendants Chris Beutler, and James Peschong request an Order dismissing the claims against them with prejudice.

DATED: April 6, 2015.

CHRIS BEUTLER AND JAMES PESCHONG, Defendants

JEFFERY R. KIRKPATRICK, City Attorney
JOCELYN W. GOLDEN, Assistant City Attorney

By: */s/ Jeffery R. Kirkpatrick*
Jeffery R. Kirkpatrick #21280
Assistant City Attorney
555 South 10th Street, Suite 300
Lincoln, NE 68508
Phone: (402) 441-7281
E-mail: jkirkpatrick@lincoln.ne.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Amy Miller, amiller@aclunebraska.org; Thomas White, twhite@whitejorgensen.com; and Amy Jorgensen, ajorgensen@whitejorgensen.com.

By: */s/ Jeffery R. Kirkpatrick*
Jeffery R. Kirkpatrick #21280