## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LARRY BALL,** | | |
| **Plaintiff,** | | **8:15CV95** |
| **vs.** | | |
| **CITY OF LINCOLN, NEBRASKA, CHRIS BUETLER, Mayor of the City of Lincoln; JAMES PESCHONG, Lincoln Chief of Police; and SMG, a Pennsylvania General Partnership;** | | **MEMORANDUM AND ORDER** |
| **Defendants.** | | |

This matter is before the Court on the Motion to Dismiss (Filing No. 20) filed by Defendants Chris Buetler ("Beutler") and James Peschong ("Peschong"). For the reasons stated, the Motion will be granted and the claims filed by Plaintiff Larry Ball ("Ball") against Beutler and Peschong will be dismissed.

## BACKGROUND

The Court's Memorandum and Order (Filing No. 24) dated April 15, 2015, contains a more detailed factual summary of Ball's allegations. The Court provides the following facts by way of summary for the purposes of this Motion:

Beutler is the Mayor of the City of Lincoln and Peschong is the Chief of Police for the City of Lincoln. Defendant SMG is an international company that manages hundreds of stadiums and arenas and had a contract to manage Lincoln's Pinnacle Bank Arena (the "Arena"). SMG adopted a policy (the "Policy") regarding access to the Arena property. The Policy prohibited unauthorized leafletting, signature gathering, promotional material distribution, merchandise sales, and picketing within certain areas

in and near the Arena (the "Policy Zone") including certain exterior space (the "Plaza Area") that SMG considered to be a nonpublic forum.

Ball is a citizen of Lancaster County, Nebraska.  As part of his religious devotion, Ball attempts to share Christian messages by passing out pamphlets. On March 15, 2014, Ball was handing out pamphlets to people entering and leaving the Arena.  Ball was confronted several times by SMG employees, who told him to leave.  Ball did leave but soon returned, and SMG employees again told him to leave.  Ball refused and police were called.  Ball was arrested and ticketed by the Lincoln Police Department for trespassing and refusing to comply under the Lincoln Municipal Code.

Ball was arrested again and ticketed for trespassing on March 5, 2015. Defendants assert that Ball was leafleting in the Plaza Area.  SMG staff provided Ball with a copy of the Policy and asked Ball to move out of the Plaza Area to the nearby sidewalk.   Ball refused to move, and Lincoln City Police officers cited him for trespassing.  After receiving the citation, Ball left the Arena property.

 On March 7, 2015, Ball was again leafletting near the Arena. Defendants contend he was in the Plaza Area.  He was asked to move; he refused; and he was cited for trespassing.  Ball asserts that when he was ticketed, he was on a sidewalk designated as a public thoroughfare.  After being cited, Ball left the Arena property.

Ball filed this lawsuit on March 12, 2015, alleging that, inter alia, the Defendants violated his First Amendment rights when he was cited for violating the Policy.  On April 15, 2015, the Court denied Ball's Motion for Preliminary Injunction, concluding that Ball was unlikely to prevail on his First Amendment claims.   Specifically, the Court concluded that based upon the evidence before the Court, Ball was unlikely to show

that the Plaza Area was a public forum.  Defendants  Beutler and Peschong move the Court for an order dismissing them on qualified immunity grounds or, in the alternative, because Ball has failed to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  "Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions."  *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)) (internal quotation marks omitted).  "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice."  *Hamilton v. Palm*,

3

621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  The complaint's factual allegations must be "sufficient 'to raise a right to relief above the speculative level.'"  *Williams v. Hobbs*, 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 555, 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests."  *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id*. at 679 (citing *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

**DISCUSSION**

Ball asserts claims against Beutler and Peschong "individually and in [their] official capacity."[1]   (Compl., Filing No. 1 ¶¶ 5-6.)   "Defendants may be entitled to qualified immunity for those claims brought against them in their individual capacities." *Handt v. Lynch*, 681 F.3d 939, 943 (8th Cir. 2012) (citing *McRaven v. Sanders,* 577 F.3d 974, 980 (8th Cir. 2009)).   "Qualified immunity shields public officials performing discretionary functions from liability for conduct that 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Parker v. Chard*, 777 F.3d 977, 979 (8th Cir. 2015) (quoting *Meehan v. Thompson*, 763 F.3d 936, 940 (8th Cir. 2014)).   "It 'gives government officials breathing room to make reasonable but mistaken judgments about open legal questions' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Ashcroft v. al–Kidd,* 131 S.Ct. 2074, 2085 (2011)).   An official is entitled to dismissal based on qualified immunity "unless (1) the evidence, viewed in the light most favorable to the nonmoving party, establishes a violation of a federal constitutional or statutory right, and (2) the right was clearly established at the time of the violation."   *Capps v. Olson*, 780 F.3d 879, 884 (8th Cir. 2015) (citing *Pearson v. Callahan,* 555 U.S. 223, 232 (2009)).

---

[1] The Court need not address Ball's "official capacity" claims.  It is long established that "[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. . . .  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal marks and citations omitted). There is no dispute that the entity of which Beutler and Peschong are agents, the City of Lincoln, is a party to this suit and has had an opportunity to respond.

5

The Court, in its discretion, may address either prong first. *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011). If no reasonable fact finder could answer both questions affirmatively, then the defendant is entitled to qualified immunity. *Nance v. Sammis,* 586 F.3d 604, 609 (8th Cir. 2009).

Even if Ball can prove that Beutler and Peschong somehow personally violated Ball's constitutional rights, he cannot show that such rights were clearly established. "[T]he right the official is alleged to have violated must have been clearly established in a . . . particularized . . . sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Capps*, 780 F.3d at 885-86 (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)) (internal marks omitted). "The salient question is whether the state of the law at the time of an incident provided fair warning to the defendants that their alleged conduct was unconstitutional." *Id.* at 886 (quoting *Tolan v. Cotton,* 134 S.Ct. 1861, 1866 (2014) (per curiam)) (internal marks omitted). "This inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* (quoting *Saucier v. Katz,* 533 U.S. 194, 201 (2001), *overruled on other grounds* by *Pearson,* 555 U.S. at 236).

Ball's only cognizable claims against Beutler and Peschong relate to enforcing SMG's Policy. Thus, in the specific context of this Motion, the Court must examine whether Ball had a clearly established constitutional right to distribute literature within the Plaza Area. The Court has addressed Ball's arguments in the context of his Motion for Preliminary Injunction and incorporates its analysis in this Memorandum and Order. (*See* Memorandum and Order, Filing No. 24 at 6-20.) The Court previously found Ball

is not likely to prevail on his argument that the Plaza Area is a traditional public forum. At the very least, significant legal and factual questions remain as to whether the Plaza Area is actually a public forum for purposes of expressive activity.  Thus, even if it were demonstrated that Beutler or Peschong had some personal responsibility for enforcing the SMG Policy, it cannot be said that excluding Ball from the Plaza Area violated his clearly established right, and Beutler and Peschong are entitled to qualified immunity.

**CONCLUSION**

For the reasons stated, Ball has not demonstrated that Defendants Beutler and Peschong violated Ball's clearly established constitutional rights.  Accordingly,

IT IS ORDERED:

1.     The Motion to Dismiss (Filing No. 20) filed by Defendants Chris Buetler and James Peschong is granted; and

2.     Larry Ball's claims against Defendants Chris Buetler and James Peschong are dismissed with prejudice.


Dated this 3rd day of June, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

7